IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL D. HOFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3156 |
| | ) | |
| MANCHESTER TANK & | ) | |
| EQUIPMENT CO. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Manchester Tank & Equipment Co.'s Renewed Motion for Summary Judgment (Motion) (d/e 8) and Defendant's Brief in Support of Its Renewed Motion for Summary Judgment (Brief) (d/e 9). Plaintiff has filed Plaintiff's Response to Defendant's Renewed Motion for Summary Judgment (Response) (d/e 13), and Defendant filed Defendant's Reply Brief in Support of Its Renewed Motion for Summary Judgment (Reply) (d/e 15).

This matter is fully briefed and ripe for adjudication. For the reasons described below, Defendant's Motion is granted as to Counts I and II of the

1

First Amended Complaint (d/e 7), and Count III of the First Amended Complaint is dismissed.

APPLICABLE LAW

A motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Herman v. Nat'l Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir. 1984). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A court properly enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see McKenzie v. Ill. Dept. of Transp., 92 F.3d 473, 479 (7th Cir. 1996) (quoting

Celotex). The court does not resolve disputed factual issues, but rather determines whether "there is a genuine issue for trial." Blaguss Travel Int'l v. Musical Heritage Int'l, 833 F.Supp. 708, 710 (N.D. Ill. 1993).

To successfully oppose a motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts. See Zenith, 475 U.S. at 586. Instead, he must present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); Zenith, 475 U.S. at 587 (emphasis omitted). There is not a genuine issue for trial if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." Zenith, 475 U.S. at 587.

FACTS

As of April 2008, Defendant employed Plaintiff as a supervisor in its production department. In October 2007, Plaintiff and a co-worker, Angel Welch, embarked on a personal project to build and test stilts at their workplace.[1] Plaintiff claims that his supervisor, Terri Helm, gave Welch and him permission to work on this project at work, on their own time. Brief, Ex. 2, Attachment "A". Plaintiff took photographs of the tests and posted

---

[1] Welch has also filed an employment discrimination lawsuit against Defendant. See Central District of Illinois Case No.10-3024.

them on his personal website.  Id.

On April 18, 2008, Linda Walton, Defendant's human resources manager, obtained copies of these photographs from the Internet posting. Walton characterized the photographs as depicting "horseplay and seriously unsafe activities."  Brief, Ex. 1, Declaration of Linda Walton, Ex. 1, Notice of Violation.  Walton terminated Plaintiff's employment effective April 18, 2008, "[d]ue to the seriousness of the safety issues" shown in the photographs.  Id.  She issued a Notice of Violation, which Plaintiff signed and dated, acknowledging in his own handwriting that he "didn't even think of the safety issues" at the time he took the photographs and that, had he considered the safety issues, "it wouldn't have happened."  Id.  Plaintiff did not work for Defendant again after April 18, 2008.  Reply, Ex. A-1, Declaration of Linda Walton, ¶ 4.

A few days later, Plaintiff contacted Defendant and requested a meeting related to his termination on April 18, 2008, because Plaintiff claimed that Helm had given him permission to engage in the behavior that led to the safety violations.  Plaintiff returned to Defendant's offices on April 23, 2008, and met with personnel to discuss his claims.  Plaintiff's explanation did not persuade Defendant, and Walton told Plaintiff at that

meeting that the April 18, 2008, termination decision would not be modified. Reply, Ex. A-1, Declaration of Linda Walton, ¶ 6. Plaintiff alleges that he did not realize until April 26, 2008, that Defendant actually intended to fire him.

During the week of April 28, 2008, Plaintiff talked to Welch, his former co-worker and co-participant in the stilt project. Response, Ex. A, Declaration of Michael Hoffer, ¶ 6. In late 2007, while Plaintiff still worked for Defendant, he had provided information to higher-ups in the company that a supervisor, Larry Vahle, was sexually harassing and assaulting Welch. Defendant fired Vahle in January 2008.[2] During Plaintiff's conversation with Welch in April 2008, he learned that she had received a less serious punishment for the safety violations, and she told him that she thought they were both being punished for reporting Vahle's allegedly improper conduct. Plaintiff states that he realized sometime during the week of April 28, 2008, that Defendant had fired him for complaining about Vahle's treatment of Welch.

On February 25, 2009, Plaintiff met with his counsel and filled out the

---

[2]It is unclear whether Defendant terminated Vahle because of Plaintiff's and Welch's accusations.

Illinois Department of Human Rights's (IDHR) and Equal Employment Opportunity Commission's (EEOC) Intake Questionnaire. Plaintiff's counsel forwarded this document to the EEOC on February 26, 2009. The EEOC provided Plaintiff with its new charge form, and Plaintiff filed his Charge of Discrimination (Charge) with the EEOC on March 13, 2009. Brief, Ex. 2, Charge of Discrimination. He listed April 26, 2008, as the latest date on which discrimination had taken place. Plaintiff alleged that Defendant had terminated his employment to retaliate against him for "reporting and giving information about gross sexual harassment of employee Angel Welch by Supervisor Larry Vahle." Brief, Ex. 2, Attachment "A".

On March 24, 2009, John P. Rowe, the EEOC's district director, sent Plaintiff a Dismissal and Notice of Rights letter, informing Plaintiff that his "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." Brief, Ex. 2, Dismissal and Notice of Rights.

Plaintiff filed the original Complaint (d/e 1) in this Court on June 22, 2009, and later filed his three-count First Amended Complaint. In Count I, Plaintiff alleges that Defendant retaliated against him, in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for opposing Vahle's alleged harassment of Welch. Count II is a claim for disparate treatment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., where Plaintiff claims that Welch, who also violated safety regulations, was treated more favorably. Count III is a state-law tort claim for retaliatory discharge.

ANALYSIS

Defendant moves for summary judgment on each Count of the First Amended Complaint. The Court addresses each argument in turn.

I. COUNT I: RETALIATORY DISCHARGE

Defendant argues that it is entitled to summary judgment on Plaintiff's retaliatory discharge claim because it is time-barred due to Plaintiff's failure to file the Charge with the EEOC within three hundred days of the adverse employment action. Plaintiff counters that he timely filed the Charge or, in the alternative, that the time period was subject to equitable tolling or equitable estoppel.

A. Timeliness of the Charge

In Illinois, a would-be Title VII plaintiff must file a charge with the EEOC within three hundred days after the "alleged unlawful employment

practice occurred . . . ."³ 42 U.S.C. § 2000e-5(e)(1); see Stepney v. Naperville Sch. Dist. 203, 392 F.3d 236, 239 (7th Cir. 2004); Speer v. Rand McNally & Co., 123 F.3d 658, 662 (7th Cir. 1997). A charge is considered filed on the date when the EEOC receives the charge. 29 C.F.R. § 1601.13(a)(4)(ii)(A). Although timely submission of a charge is not a jurisdictional prerequisite to suing in federal district court, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), "[f]ailure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005).

Title VII requires that a charge be filed under oath or affirmation, although a charging party can later amend the charge to rectify technical defects, such as the failure to verify. 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(b); see Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321, 323-24 (7th Cir. 1991) ("[T]he omission of technical requirements which are later fulfilled should not affect the timeliness or validity of the charge."). An intake questionnaire filed by the charging party can substitute for a formal charge for purposes of the limitations period if it is "sufficiently

---

³Illinois is a "deferral state," meaning that it has "a State or local agency with authority to grant or seek relief from such [unlawful employment] practice . . . ." 42 U.S.C. § 2000e-5(e)(1).

8

precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). In addition, the questionnaire must evince the charging party's intention to have the EEOC investigate the allegations. Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1138 (7th Cir. 1994); Philbin, 929 F.2d at 323-24; Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 542 (7th Cir. 1988).

In most circumstances, the statute of limitations accrues, triggering the three-hundred-day period, when the individual knew or should have known of the discriminatory act, "not when the person realizes that he may have a legal claim arising out of the injury." Duhart v. Fry, 957 F.Supp. 1478, 1486 (N.D. Ill. 1997); see Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); see also Delaware State College v. Ricks, 449 U.S. 250, 258 (1980). "[D]iscrete discriminatory employment actions such as termination . . . are deemed to have been taken on the date they occurred . . . ." Beamon, 411 F.3d at 860; see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'"); Jackson v. City of Chicago, 552 F.3d 619, 623 (7th Cir. 2009) (quoting Morgan).

In the case at bar, Plaintiff's charge was untimely. The statute of

limitations period began on April 18, 2008, when Defendant terminated Plaintiff's employment and allegedly committed the unlawful employment practice. Termination is a "discrete act," and Plaintiff was put on notice that his rights may have been violated when Defendant fired him. See Morgan, 536 U.S. at 114; Koch v. CGM Group, Inc., 2001 WL 392523, at *5 (S.D. Ind. Apr. 3, 2001). Plaintiff had until February 12, 2009, to ensure that the EEOC received his charge. However, he did not even send the Intake Questionnaire to the EEOC until February 26, 2009; the EEOC received the Charge itself on March 13, 2009.[4] Plaintiff's filing was, as the EEOC indicated to him, untimely.

Plaintiff argues that he did not realize he had been conclusively terminated until April 26, 2008. He makes this claim despite the facts that: (1) the Violation Notice clearly states that Plaintiff's termination was "effective 4/18/08"; (2) Plaintiff signed and dated the Violation Notice, admitting that he had committed a serious safety violation; and (3) Plaintiff did not return to work at Defendant's facility after April 18, 2008. See

---

[4]Plaintiff has not provided the Court with a copy of the Intake Questionnaire, and so the Court is unable to evaluate whether it was, in fact, sufficient to constitute a charge. Even viewing the facts in the light most favorable to Plaintiff, the Questionnaire was not submitted within the three-hundred-day period, and therefore could not have been timely received by the EEOC.

10

Brief, Ex. 1, Declaration of Linda Walton, Ex. 1, Notice of Violation & Reply, Ex. A-1, Declaration of Linda Walton, ¶ 4. Nonetheless, even using April 26, 2008, as the accrual date for the three-hundred-day limitations period, Plaintiff's Intake Questionnaire was untimely submitted, and consequently untimely received by the EEOC.

Plaintiff also claims that he did not discover Defendant's allegedly discriminatory animus until some time during the week of April 28, 2008. As Defendant points out, though, the date that Plaintiff "realize[d] that he may have a legal claim arising out of the injury" is irrelevant to the discussion of when he discovered the allegedly discriminatory *act*. See Duhart, 957 F. Supp. at 1486. Even if the Court were to accept this incorrect interpretation of the discovery rule and assume that Plaintiff discovered his injury on May 2, 2008, the Intake Questionnaire would still not be timely *received* by the EEOC, since the three hundred days would have run out on February 26, 2009, and Plaintiff's counsel did not even submit the Questionnaire to the EEOC until that date.

No matter which combination of dates the Court uses to calculate the three-hundred-day period, the end result is the same: Plaintiff's Charge was untimely.

B. <u>Equitable Tolling</u>

Plaintiff submits that he is entitled to equitable tolling or equitable estoppel of the three-hundred-day period. Defendant disputes this claim, and points out that there is no evidence supporting either theory.

Because the EEOC's limitations period for filing a charge is not jurisdictional, it is subject to the equitable doctrines of laches, estoppel, and tolling. <u>See</u> <u>Zipes</u>, 455 U.S. at 393; <u>Gibson v. West</u>, 201 F.3d 990, 993 (7th Cir. 2000); <u>Cada</u>, 920 F.2d at 450. Theses doctrines "are to be applied sparingly" in Title VII cases. <u>Morgan</u>, 536 U.S. at 113. Equitable tolling extends the statute of limitations period if, "despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim." <u>Beamon</u>, 411 F.3d at 860; <u>Tressel v. Combined Ins. Co. of America</u>, 2003 WL 1626528, at *9 (N.D. Ill. Mar. 27, 2003).

Equitable estoppel, also known as fraudulent concealment, is available when an employer actively prevents the plaintiff from bringing his concerns to the EEOC. <u>Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Medical School</u>, 167 F.3d 1170, 1174 (7th Cir. 1999); <u>Cada</u>, 920 F.2d at 451. The doctrine presupposes that the plaintiff already discovered, or should have discovered, his injury. <u>Hentosh</u>, 167 F.3d at 1174; <u>Cada</u>,

920 F.2d at 451. "An employer actively takes steps when it hinders, hides evidence, promises not to plead the statute of limitations or otherwise prevents the plaintiff form bringing suit." Tressel, 2003 WL 1626528, at *9; see Cada, 920 F.2d at 451 ("Fraudulent concealment in the law of limitations . . . denotes efforts by the defendant . . . to prevent the plaintiff from suing in time.").

Neither doctrine applies in this case. First, Plaintiff is not entitled to equitable tolling because he had all the facts necessary to discover his claim on the date he was terminated. In December 2007, Plaintiff participated in the investigation of Vahle for alleged sexually harassing Welch. Defendant terminated Plaintiff for safety violations on April 18, 2008. Therefore, as of April 18, 2008, Plaintiff had all the information he needed to discover his claim. Equitable tolling is inapplicable here.

Second, Plaintiff has presented no facts demonstrating that equitable estoppel applies. There is no evidence that Defendant attempted to prevent Plaintiff from filing a charge with the EEOC. Plaintiff argues that "the delay was fostered by the fatuous explanation for the termination," but provides no evidence to support this assertion. See Response, p. 7. The evidence shows that Walton, Defendant's human resources manager, terminated

Plaintiff on April 18, 2008, after photographs depicting a serious safety violation were brought to her attention. Plaintiff admitted that he "didn't even think of the safety issues" and that "it wouldn't have happened" had he done so. <u>Brief</u>, Ex. 1, <u>Declaration of Linda Walton</u>, Ex. 1, <u>Notice of Violation</u>. While the Court views the facts in the light most favorable to Plaintiff, Plaintiff must present "specific facts showing a genuine issue for trial." <u>Fed. R. Civ. P.</u> 56(e)(2). He has not done so with regard to equitable tolling, and his claim must fail.

In summary, Plaintiff's Charge was untimely, precluding this lawsuit. <u>See</u> <u>Beamon</u>, 411 F.3d at 860. Therefore, the Court grants Defendant summary judgment on the retaliation claim in Count I of the First Amended Complaint.

II.  COUNT II: DISPARATE IMPACT

Defendant argues that it is entitled to summary judgment on Plaintiff's disparate impact claim for a variety of reasons, including that the claim is time-barred due to Plaintiff's failure to timely file his Charge with the EEOC, as discussed <u>supra</u>. The Court agrees, for the reasons discussed above. Plaintiff did not timely file his Charge with the EEOC, precluding this Title VII lawsuit. <u>See</u> <u>Beamon</u>, 411 F.3d at 860. Accordingly, the

14

Court grants Defendant summary judgment on Count II of the First Amended Complaint.

III. COUNT III: RETALIATORY DISCHARGE

Defendant argues that it is entitled to summary judgment on Plaintiff's common law retaliatory discharge claim because the claim is preempted by the Illinois Human Rights Act (IHRA). See 775 ILCS 5/8-111(D). Plaintiff responds that his claim is not preempted because, in addition to reporting sexual harassment to Defendant, Plaintiff reported violent behavior, which is not covered by the IHRA.

The Court need not address these arguments because it declines to exercise its supplemental jurisdiction over Count III, a state law tort claim. See 28 U.S.C. § 1367(c). Therefore, the Court dismisses Count III of the First Amended Complaint.

CONCLUSION

THEREFORE, Defendant's Renewed Motion for Summary Judgment (d/e 8) is GRANTED in part. The Court grants Defendant summary judgment on Counts I and II of the First Amended Complaint. The Court declines to exercise supplemental jurisdiction over Count III of the First Amended Complaint, and therefore dismisses it. All pending motions are

DENIED as MOOT. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 12, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE